IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MONTALBANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 96 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| HSN, INC., HSNI, LLC, CORNERSTONE ) | |
| BRANDS, INC., GRANDIN ROAD, LLC and ) | |
| HERITAGE TREE COMPANY, LTD., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Michael Montalbano filed suit against HSN, Inc., HSNi, LLC, Cornerstone Brands, Inc. (collectively, the "HSN defendants"), Cinmar, LLC,[1] and Heritage Tree Company, Ltd., alleging claims for negligence and strict liability arising from injuries he received from a defective holiday garland. Before the court are the HSN defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) [# 9] and Cinmar's motion to dismiss pursuant to Rule 12(b)(6) [#12]. For the reasons stated below, the motions are granted.

**BACKGROUND**[2]

Montalbano is a resident of Highland Park, Illinois, and a customer of the mail-order catalogue known as Grandin Road. He alleges that on December 3, 2008, he ordered an Alpine

---

[1] Montalbano named Grandin Road, LLC as a defendant in his complaint. The parties agree that Cinmar is the correct defendant.

[2] In ruling on this motion, the court considers proffered materials relevant to the issue of jurisdiction, including the materials attached to defendants' amended notice of removal that was filed subsequent to the HSN defendants' motion to dismiss for lack of personal jurisdiction. *See* Dkt. #16. The allegations are taken from the complaint and are presumed true, to the extent they are uncontroverted by defendants' affidavits. Disputed facts are resolved in Montalbano's favor. *See Purdue Research Found.* v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

9 Foot Garland, Model 32313 CLR, from Grandin Road.  Montalbano claims that a .040 inch plastic coated steel wire punctured his left hand while he was attempting to hang the garland on the front door of his home.

Heritage Tree manufactured the garland.  Heritage Tree is a company organized under the laws of Thailand and its principal place of business is in Thailand.

Cinmar owns the Grandin Road trademark and manages the Grandin Road catalogue and website.  It advertised the garland on the Grandin Road website and then sold and shipped the garland to Montalbano.  Cinmar is a limited liability company organized under the laws of Delaware with its principal place of business in West Chester, Ohio.  Cinmar's sole member is The Cornerstone Holdings Group, Inc., a Delaware corporation with its principal place of business in West Chester, Ohio.  Cinmar is an indirect subsidiary of HSN, Inc. and Cornerstone.

HSN, Inc. is a Delaware corporation with its principal place of business in St. Petersburg, Florida.  It is a holding company that owns several separately incorporated businesses.  HSN, Inc. is not registered to do business in Illinois and does not maintain any offices or registered agents in Illinois.

Cornerstone is a Delaware corporation with its principal place of business in West Chester, Ohio.  Cornerstone, like HSN, Inc., is a holding company that owns several separately incorporated businesses.  Cornerstone is not registered to do business in Illinois and does not maintain offices or agents in Illinois.

HSNi, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in St. Petersburg, Florida.  HSNi's sole member is HSN, Inc.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges the

court's personal jurisdiction over the party. The burden of proof on jurisdictional challenges is on the party asserting jurisdiction. *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *RAR, Inc.* v. *Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997). In considering a motion to dismiss for lack of personal jurisdiction, the court may review affidavits submitted by the parties. *Purdue Research Found*. v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court rules on the motion without a hearing, however, the plaintiff need only establish a "*prima facie* case of personal jurisdiction." *Id*. at 782 (quoting *Hyatt Int'l Corp.* v. *Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). The court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *Central States, Se. & Sw. Areas Pension Fund* v. *Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor* v. *Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1993)). Disputes concerning relevant facts are resolved in favor of the plaintiff. *Purdue*, 338 F.3d at 782 (citing *Nelson* v. *Park Indus.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp*., 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative

level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## DISCUSSION

**I.     Whether the Court Has Personal Jurisdiction over HSN, Inc. and Cornerstone**

HSN, Inc. and Cornerstone argue that the court lacks personal jurisdiction over them because they are nonresident holding companies that do not transact business in Illinois and do not manufacture, sell, or distribute any products to Illinois consumers. In diversity cases, a federal court has personal jurisdiction over a foreign defendant "'only if a court of the state in which [the district court] sits would have such jurisdiction.'" *Klump* v. *Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (quoting *Wilson* v. *Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990)). Illinois's long-arm statute allows its courts to exercise personal jurisdiction to the full extent allowed by United States Constitution. *Id*. (citing 735 Ill. Comp. Stat. 5/2-209(c)). In order to satisfy the Due Process Clause, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Millikin* v. *Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). In a products liability case, such as this one, the defendant satisfies this requirement where it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *J. McIntyre Mach., Ltd.* v. *Nicastro*, --- U.S. ----, 131 S. Ct. 2780, 2787 (2011) (quoting *Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

Personal jurisdiction comes in two forms: general and specific. Where the events that are

the basis of the lawsuit do not arise out of and are not related to any activities within the forum state, the minimum contacts requirement is satisfied if the court has general jurisdiction—that is to say, jurisdiction stemming from the defendant's "continuous and systematic" contacts with the forum state. *See Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, --- U.S. ----, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011); *Helicopteros Nacionales de Colombia*, *S.A.* v. *Hall*, 466 U.S. 408, 415–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). The second form of personal jurisdiction is specific jurisdiction, which is appropriate where "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). In either case, "each defendant's contacts with the forum state must be assessed individually." *Calder* v. *Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).

HSN, Inc. and Cornerstone attest that they are holding companies that are not registered to do business in Illinois, that they do not maintain offices or agents in Illinois, and that they do not advertise, promote, sell or distribute consumer products in Illinois. They state that their subsidiaries are separately incorporated, operated, and managed. They testify that they do not design or manufacture consumer products, do not operate any websites or mail-order catalogues on which products are sold to consumers, and do not advertise, sell, or distribute consumer products in Illinois. Finally, HSN, Inc. and Cornerstone testify that they were not involved in the manufacture, distribution, advertising, or sale of the garland to Montalbano. They state more generally that they do not advertise, promote, or sell any consumer products in Illinois. Based on the affidavits submitted by HSN, Inc. and Cornerstone's representatives, the court does not have specific or general personal jurisdiction over them.

In response to HSN, Inc. and Cornerstone's motion, Montalbano argues that he should be allowed to conduct discovery because the two companies work together with their subsidiaries to distribute consumer goods in Illinois and that they operate a retail store, Territory Ahead, which is located in downtown Chicago. Montalbano cites HSN, Inc.'s website in support, which states:

> HSN, Inc. (NASDAQ HSNI) is $2.8 billion interactive multi-channel retailer with strong direct-to-consumer expertise among its two operating segments, HSN and Cornerstone Brands. HSNi [referred to in this opinion as HSN, Inc.] offers innovative, differentiated retail experiences on TV, online, in catalogs, and in brick and mortar stores. HSNi ships 50 million products and handles 50 million inbound customer calls annually. HSN, which created the television retail industry 31 years ago, now reaches 90 million homes (24 hours a day, seven days a week, live 364 days a year). . . . Cornerstone Brands comprises leading home and apparel lifestyle brands including Ballard Design, Frontgate, Garnet Hill, Grandin Road, Improvements, Smith+Noble, The Territory Ahead, and Travelsmith. Cornerstone Brands distributes 324 million catalogs annually, operates eight separate e-commerce sites, and runs 25 retail stores.

Pl.'s Resp., Ex. A. Montalbano argues that the court can exercise both specific and general personal jurisdiction over HSN, Inc. and Cornerstone because he received the garland in Illinois and because HSN, Inc. and Cornerstone do business in Illinois by operating Territory Ahead and distributing consumer products on the internet, on TV, and through catalogues.

To prevail under either theory of jurisdiction, however, Montalbano must rely on one of the exceptions to the general rule that "the jurisdictional contacts of a subsidiary corporation are not imputed to the parent." *Purdue*, 338 F.3d at 787 n. 17. Of relevance here, where the parent company exerts an unusually high degree of control over the subsidiary, Illinois courts will exercise personal jurisdiction over a nonresident parent corporation based on its relationship with the subsidiary. *See Central States, Se. & Sw. Areas Pension Fund* v. *Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000); *IDS Life Ins. Co.* v. *SunAmerica Life Ins. Co.*, 136 F.3d 537, 540–41 (7th Cir. 1998); *Palen* v. *Daewoo Motor Co.*, 832 N.E.2d 173, 185, 358 Ill.

App. 3d 649, 295 Ill. Dec. 22 (2005); *Maunder* v. *DeHavilland Aircraft of Canada*, 466 N.E.2d 217, 222–23, 102 Ill. 2d 342, 80 Ill. Dec. 756 (1984).[3] The rationale is that the subsidiaries may be acting as the parent's agent in the forum state by conducting the parent's business rather than their own. *IDS Life Ins.*, 136 F.3d at 540. Factors to consider in determining whether a parent corporation is doing business in Illinois through its subsidiary include (1) the degree of control exercised by the parent over the subsidiary, (2) the obligations of the subsidiary to service the parent's products, (3) inclusion of the subsidiary's name and address in the parent's advertising, (4) joint sponsorship of promotional activities, (5) interlocking directorships, (6) location of the meetings of the subsidiary's board of directors, and (7) whether the subsidiary is authorized to prosecute trademark infringement suits in the parent's name. *Palen*, 832 N.E.2d at 184 (citing *Wissmiller* v. *Lincoln Trail Motosports, Inc.*, 552 N.E.2d 295, 298, 195 Ill. App. 3d 399, 141 Ill. Dec. 927 (1990)).

The materials cited by Montalbano do not show that Cinmar or Territory Ahead act as either HSN, Inc. or Cornerstone's agent. Even though the website states that Cornerstone Brands "distributes" catalogues, "operates" websites, and "runs" retail stores, it is clear that "Cornerstone Brands" is being used as a shorthand for all of the Cornerstone subsidiaries. The website does not contradict the HSN defendants' sworn statements that each of Cornerstone's

---

[3] Illinois courts will also exercise personal jurisdiction over a parent company by piercing the corporate veil. *See Old Orchard Urban Ltd. P'ship* v. *Harry Rosen, Inc.*, 904 N.E.2d 1050, 1062, 389 Ill. App. 3d 58, 328 Ill. Dec. 540 (2009); *Reimer*, 230 F.3d at 940; *IDS*, 136 F.3d at 540. This requires a showing that the subsidiary "is so controlled, and its affairs so conducted by a parent that observance of the fiction of separate identities would sanction a fraud or promote injustice." *Old Orchard*, 904 N.E.2d at 1061. No showing of fraud or injustice has been made here, and therefore the court will only consider the so-called "agency" theory of jurisdiction. *See id.* at 1062 ("The decisions of our courts make clear that piercing the corporate veil is a distinct analysis from the *Maunder* agency theory of jurisdiction.").

subsidiaries, including Cinmar and Territory Ahead, are independently managed and operated. Because Montalbano has not shown that the jurisdictional contacts of HSN, Inc. or Cornerstone's subsidiaries can be imputed to either parent company, HSN, Inc. and Cornerstone's motion to dismiss will be granted.

II.     **Whether Montalbano's Strict Liability Claim Against Cinmar Must Be Dismissed Under the Illinois "Seller's Exception"**

Cinmar seeks dismissal of Count IV (strict products liability) pursuant to section 2-621 of the Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-621.[4] Under Illinois law, all entities in the chain of distribution for an allegedly defective product are subject to strict liability in tort. *Hammond* v. *N. Am. Asbestos Corp.*, 454 N.E.2d 210, 97 Ill. 2d 195, 73 Ill. Dec. 350 (1983). Section 2-621 of the Illinois Code of Civil Procedure, however, establishes a "seller's exception" in products liability actions whereby any nonmanufacturing defendant who has not contributed to the alleged defect may defer liability to the ultimate wrong-doer, the manufacturer. *Cherry* v. *Siemans Med. Sys., Inc.*, 565 N.E.2d 215, 218, 206 Ill. App. 3d 1055, 151 Ill. Dec. 944 (1990). Under this statute, the nonmanufacturing defendant must certify, by way of affidavit, the correct identity of the manufacturer of the product at issue. 735 Ill. Comp. Stat. 5/2-621(a). Once the plaintiff has filed suit against the manufacturer and the manufacturer has or is required to have answered or otherwise pleaded, the certifying defendant is entitled to an order of dismissal unless the defendant exercised significant control over the design or

---

[4] Although it is procedural in nature, federal courts have applied section 2-621 on the basis that its application is outcome determinative and failure to apply the statute would lead to undesirable forum-shopping. *Indeck Power Equip. Co.* v. *Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341 (N.D. Ill. 1995). A motion to dismiss under section 2-621 does not fit easily into any category of pretrial motion available under the Federal Rules of Civil Procedure; however courts have treated motions under the statute as a motion requesting dismissal under Rule 12(b). *Id*.

manufacture of the product, had knowledge of the alleged product defect, or created the product defect. *Id.* at 5/2-621(b), (c); *Kellerman* v. *Crowe*, 518 N.E.2d 116, 117, 119 Ill. 2d 111, 115 Ill. Dec. 591 (1987). The purpose of this provision is to allow defendants whose sole basis of liability is their role as a member of the distributive chain to extract themselves from a products liability action at an early stage, before they incur the expense of fully litigating the dispute. *Murphy* v. *Mancari's Chrysler Plymouth, Inc.*, 887 N.E.2d 569, 576, 381 Ill. App. 3d 768, 320 Ill. Dec. 425 (2008); *Cherry*, 565 N.E.2d at 218.

Cinmar has certified that Heritage Tree designed and manufactured the garland and that it exercised no control over the design or manufacture of the garland or the design of the garland's warning labels. Def.'s Mem. Ex. 1. Cinmar further attests that it was not aware of the defect in the design or manufacture of the garland and that it did not create the defect. Montalbano does not contest these assertions. Therefore Cinmar is entitled to dismissal. *See Logan* v. *West Coast Cycle Supply Co.*, 553 N.E.2d 1139, 1143, 197 Ill. App. 3d 185, 143 Ill. Dec. 153 (1990) ("On its face, section 2-621 does not require anything more than certification of the correct identity of the manufacturer of the allegedly defective product. . . . [I]t is the plaintiff who must show the certifying defendant exercised some significant control over the design or manufacture of the product, or had actual knowledge of, or created, the defect."); *Lamkin* v. *Towner*, 563 N.E.2d 449, 532, 138 Ill. 2d 510, 150 Ill. Dec. 562 (1990) (dismissal is mandatory when a non-manufacturer complies with the requirements of section 2-621).

Montalbano argues that the court should deny Cinmar's motion to dismiss because (1) Cinmar can be held liable based on the common-law doctrine of "apparent manufacturer," (2) Montalbano has yet to perfect service on Heritage Tree, in Thailand, and (3) even if he is able to serve Heritage Tree, he may not be able to enforce a judgment against it. Montalbano's first

9

contention is without merit. The only case he cites in support of his argument concludes that section 2-621 preempts the common law doctrine that holds a company liable for strict products liability if it holds itself out to the public as the manufacturer of the product. *See Goesl* v. *Boley Int'l (H.K.), Ltd.*, 664 F. Supp. 2d 923, 925 (N.D. Ill. 2009). Moreover, Montalbano fails to allege any facts that support the conclusion that Cinmar held itself out to be the manufacturer of the garland. Montalbano's second and third contentions are addressed by subsection (b) of section 2-621. Under the statute, a plaintiff is permitted to seek reinstatement of a previously dismissed defendant if an action against the manufacturer proves to be futile. *See* 735 Ill. Comp. Stat. 5/2-621(b). A plaintiff can ask the court to vacate a section 2-621 dismissal upon proof that (1) the action against the product manufacturer is time barred, (2) the manufacturer certified by the defendant was incorrect, (3) the manufacturer no longer exists, is not subject to jurisdiction or is not amenable to process, (4) the manufacturer is unable to satisfy any judgment determined by the court, or (5) the manufacturer would be unable to satisfy any reasonable settlement amount. *Id.* at 5/2-621(b)(1)-(5). As the court in *Cherry* recognized, a trial court may use its discretion and order a dismissal before the manufacturer is served. *Cherry*, 565 N.E.2d at 218. Accordingly, Cinmar will be dismissed as a defendant pursuant to 735 Ill. Comp. Stat. 5/2-621(a).

## CONCLUSION AND ORDER

For the foregoing reasons, Cinmar's motion to dismiss [#12] is granted. Count IV of Montalbano's complaint is dismissed without prejudice. HSN, Inc. and Cornerstone's motion to dismiss [#9] is granted. HSN, Inc. and Cornerstone are dismissed with prejudice. This case is set for a status on September 15, 2011.

Dated: Sept.6, 2011					Enter:	_____

							JOAN HUMPHREY LEFKOW
							United States District Judge